48 CCPA

**REXALL DRUG COMPANY, Appellant,**

v.

**MANHATTAN DRUG COMPANY, Appellee.**

Patent Appeal No. 6592.

United States Court of Customs and Patent Appeals.

Dec. 8, 1960.

Richard A. Mahar, Washington, D. C. (Albert H. Kirchner, Washington, D. C., of counsel), for appellant.

Emery, Whittemore, Sandoe & Dix, New York City (Manvel Whittemore, New York City, and John Gibson Semmes, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Associate

Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

MARTIN, Judge.

This is an appeal[1] from a decision of the Trademark Trial and Appeal Board of the United States Patent Office, 121 USPQ 201, sustaining an opposition to the registration of a trademark. The appellant, Rexall Drug Company, sought to register "Asma-Kets" for medicinal tablets for the relief of bronchial asthma and hay fever. Appellee, Manhattan Drug Company, opposed the registration on the grounds that it is a prior user of "Asmatab" as a trademark for a medicinal preparation for temporary relief from paroxysms of bronchial asthma and hay fever.

The Patent Office found that the products of both parties are non-prescription medicinal preparations, made in tablet form for the treatment of asthma and hay fever, and sold in ordinary containers through the usual retail outlets. Finding also that appellee was the first user, the board agreed with the appellee that the similarities between these marks when applied to such products were such that confusion or mistake or deception of purchasers is quite likely to occur. Accordingly, the registration was denied.

Appellant urges that the two marks are not confusingly similar when used on asthma tablets because the term "Asmatab" merely suggests the generic name of the goods, "Asma" being the phonetic spelling of *asthma* and "Tab" being a recognized abbreviation for *tablet,* while the "Kets" portion of "Asma-Kets" is arbitrary, the term as a whole creating the commercial impression of an asthma treatment preparation emanating from a particular source.

■ Although appellant has listed in its Notice of Appeal a number of trade-marks containing "Asma," we are without authority to consider these third party registrations since they were not included in the record.

■ In spite of this deficiency, we are of the opinion that appellant should prevail. "Asthma" or its phonetic equivalent, "asma," is the name of a common disease, and is highly descriptive when used as part of a mark to identify a medicinal preparation to be used in the treatment of this malady. Furthermore, "Kets," the suffix of appellant's mark, is arbitrary whereas the suffix of appellee's mark is not. "Tab" is an abbreviation of "tablet" in which form appellee sells its products. Besides, "Kets" and "Tab" neither sound alike, have the same appearance, nor have the same meaning.

Considering both marks in their entireties in view of the weakness of appellee's mark and the dissimilarities noted between the marks, we are of the opinion that there is no likelihood of confusion when appellant applies its trademark to its goods. For these reasons, we reverse the decision of the Trademark Trial and Appeal Board.

Reversed.

WORLEY, Chief Judge (dissenting).

I agree with the following statement of the Trademark Trial and Appeal Board:

· The goods on which "Asmatab" and "Asma-Kets" are used are similar in form and composition and are adapted for sale without prescription for the treatment of the same commonplace complaints. As applied to such products, the similarities between these marks are believed to be such that confusion or mistake or deception of purchasers is quite likely to occur.

I would affirm.

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge O'Connell, pursuant to provisions of Section 294(d), Title 28 United States Code.

[1] Appellee neither filed a brief nor appeared at oral argument.